

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00029-CR

**RICARDO SOTO,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 66th District Court
Hill County, Texas
Trial Court No. 38,173

## MEMORANDUM OPINION

Ricardo Soto was convicted after a bench trial of possession of less than one gram of cocaine and sentenced to 20 months in a state jail facility. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010). His sentence was suspended, and Soto was placed on community supervision for four and a half years. Because the trial court did not err in denying Soto's motion to suppress, we affirm the trial court's judgment.

**BACKGROUND**

Soto was travelling in a vehicle with four other people which was stopped for vehicle equipment violations by Joe Abreu who, at the time, was working for the Hillsboro Police Department. The driver of the vehicle gave his consent for Abreu to search the vehicle. After getting everyone out of the vehicle, Abreu decided to pat-down all the occupants for weapons. Soto was wearing a cap. Abreu attempted to pat-down the cap and removed it from Soto's head. When he removed the cap, a folded dollar bill fell out. The dollar bill contained under an ounce of cocaine. Prior to trial, Soto filed a motion to suppress the cocaine. After a hearing, the trial court denied the motion. It was again denied during Soto's trial.

**MOTION TO SUPPRESS**

In his sole issue on appeal, Soto asserts that the trial court erred in denying his motion to suppress. Specifically, Soto contends the pat-down of Soto was not valid pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) because 1) the officer was not afraid of Soto or the others that were removed from the vehicle; and 2) the officer exceeded the scope of *Terry* by removing Soto's cap.

When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). The trial judge is the sole trier of fact and judge of the credibility of the

witnesses and the weight to be given to their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). We give almost total deference to a trial court's express or implied determination of historical facts and review de novo the court's application of the law of search and seizure to those facts. *Hereford v. State*, 339 S.W.3d 111, 118 (Tex. Crim. App. 2011); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006); *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000).

## *TERRY* FRISK

The Fourth Amendment prohibits unreasonable searches and seizures. *O'Hara v. State*, 27 S.W.3d 548, 550 (Tex. Crim. App. 2000). Searches conducted without a warrant are unreasonable per se under the Fourth Amendment, subject only to a few specifically established and well-delineated exceptions. *Id*. One exception occurs when an officer is justified in believing that an individual is armed and presently dangerous. *Id*. In that situation, the officer may conduct a pat-down search to determine whether the person is carrying a weapon. *Id*. Before conducting a pat-down search, an officer need only be able to "point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968); *O'Hara*, 27 S.W.3d at 550-551. The officer need not be absolutely certain that the individual is armed. *O'Hara*, 27 S.W.3d at 551. The issue is whether a reasonably prudent person would justifiably believe that his safety or that of others was in danger. *Terry*, 392 U.S. at 27.

*Justification*

Soto first complains Abreu lacked justification to frisk Soto pursuant to *Terry* because Abreu testified that he was not in fear of his safety. The Court of Criminal Appeals has made it clear that an officer's failure to testify that he was afraid of the suspect does not automatically invalidate a frisk for weapons. *O'Hara v. State*, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000); *Jones v. State*, 69 S.W.3d 275, 278 (Tex. App.—Austin 2002, pet. ref'd). Regardless of whether Abreu stated he was afraid, the validity of the search must be analyzed by determining whether the facts available to Abreu at the time of the search would warrant a reasonably cautious person to believe that the action taken, *i.e.* a frisk for weapons, was appropriate.

Abreu removed five individuals, including Soto, from the vehicle. He had information that at least one of the other individuals had a criminal history of possessing a controlled substance with intent to distribute and was known to traffic large amounts of cocaine. Coupled together, these facts made Abreu feel that his safety would be in danger if he did not pat down the individuals, including Soto, before Abreu turned his back on them and conducted a search of the vehicle. Based on these facts, Abreu was justified in conducting a *Terry* frisk for weapons. Thus, under this theory, the trial court did not err in denying Soto's motion to suppress.

*Scope*

Next, Soto complains that Abreu exceeded the scope of a *Terry* frisk for weapons

because Abreu removed Soto's cap rather than patting it down on Soto's head.

Abreu testified that Soto was wearing a cap and that the cap was not transparent to be able to see whether there was a weapon in it. Further, Abreu testified that a bladed weapon like a razorblade inside a cap would not necessarily be felt when a cap is patted against someone's head. Through training at the police academy and experience, Abreu had learned that the only proper way to search a cap for bladed weapons is to remove the cap from the person's head.

Police officers may conduct a limited search for weapons of the suspect's outer clothing. *See Balentine v. State*, 71 S.W.3d 763, 769 (Tex. Crim. App. 2002); *Carmouche v. State*, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000); *see also Terry v. Ohio*, 392 U.S. 1, 27, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). Soto cites to no authority that prohibits the removal of a cap that is being worn prior to a pat-down of the cap. He only cites to a case from Houston where it was held that an officer's request for a suspect to move her bra strap due to fear that she might have a weapon in her bra exceeded the scope of a *Terry* frisk. *See State v. Williams*, 312 S.W.3d 276, 283 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

*Williams* is distinguishable because the frisk involved undergarments. Soto's cap was part of his outer clothing, like a jacket or overcoat, not his undergarments.[1] When it was removed from Soto's head to be checked for weapons according to the officer's training, a folded dollar bill fell out. When Abreu retrieved the dollar, he noticed a

---

[1] We note the distinction between undergarments, clothing, and outer clothing and believe the distinction is critical to the manner in which a *Terry* pat-down can be properly administered.

white substance in it that he believed to be cocaine. Soto confirmed the substance was cocaine, as did a lab test. Accordingly, because the cap was outer clothing, Abreu did not exceed the scope of *Terry*, and the trial court did not err denying Soto's motion to suppress under this theory.

**CONCLUSION**

Soto's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 13, 2015
Do not publish
[CR25]

